# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

SHIRLEY TUCKER,

    Plaintiff,

v.

WALMART STORES EAST, L.P. et al.,

    Defendant.

CIVIL ACTION NO. 3:18-CV-02284

(MEHALCHICK, M.J.)

## MEMORANDUM

Presently pending before the Court is a motion to remand the above-captioned action to the Court of Common Pleas of Pike County, Pennsylvania, filed by Plaintiff, Shirley Tucker (hereinafter "Tucker") on February 15, 2019. (Doc. 6). Upon detailed review of the arguments raised by the Parties in their respective briefs, for the reasons provided herein, Plaintiff's Motion to Remand (Doc. 6) shall be **GRANTED.**

**I.    BACKGROUND AND PROCEDURAL HISTORY**

Tucker commenced this action against the Defendants, Wal-Mart Stores East, L.P. and Wal-Mart Stores, Inc. (collectively referred to as "Defendants"), in the Court of Common Pleas of Pike County on September 20, 2018. (Doc. 1-2, at 3-9).[1] In her complaint, Tucker alleges that she suffered injuries in a Wal-Mart store on September 24, 2016 when an unsecured stack of boxes fell on her. (Doc. 1-2, at 4-5). As a result of this incident, the complaint asserts a

---

[1] *Tucker v. Wal-Mart Stores East, L.P., et al.*, Docket No. 2018-CV-1123 (Pike Cty. C.C.P.); (Doc. 1-2).

negligence cause of action against the Defendants and seeks damages in an amount in excess of "$40,000,00, together with all costs and disbursements." (Doc. 1-2, at 7).

On December 18, 2018, Tucker completed service of the complaint on the Defendants. (Doc. 6, at 1, ¶ 2). However, prior to being served with the complaint,[2] the Defendants filed a notice of Removal on November 28, 2018. (Doc. 1). Tucker filed a motion to remand to the Court of Common Pleas of Pike County, along with a brief in support thereof,[3] on February 15, 2019. (Doc. 6). Defendants filed a reply and brief in opposition on March 1, 2019. (Doc. 7; Doc. 8), and Tucker subsequently filed two separate reply briefs on March 8, 2019. (Doc. 9; Doc. 10).

Having been fully briefed, this matter is now ripe for adjudication.

---

[2] The Defendants assert that the Notice of Removal is timely in that "less than 30 days ha[d] passed since Defendant was served with a copy of the initial pleading setting forth the Plaintiff's claim for relief." (Doc. 1, at 2, ¶ 8). However, the Defendants also assert that they obtained a copy of the complaint prior to its service on December 18, 2018, without providing the exact date they received it. (Doc. 8, at 4-6). Thus, although difficult to ascertain whether the Defendants actually removed the case within 30 days of their receipt of the complaint, through service or otherwise, any such a challenge—which notably is not raised by Tucker here—would be procedural in nature. *See McBride v. Twp. of W. Orange,* 127 F. App'x 54, 57 (3d Cir. 2005) ("It is well-settled that the failure to file a timely notice of removal is a defect in removal procedure.") (citing *Ariel Land Owners, Inc. v. Dring,* 351 F.3d 611, 614 (3d Cir. 2003); 28 U.S.C. § 1447(c) ("A motion to remand the case on the basis of *any defect other than lack of subject matter jurisdiction* must be made within *30 days after the filing of the notice of removal*…") (emphasis added). Accordingly, even if a procedural defect regarding the timeliness of Defendants' removal existed, it does not warrant remand at this stage.

[3] Instead of filing the motion to remand and supporting brief as two separate documents, Tucker filed her brief in support with the motion to remand. (Doc. 6).

## II. REMOVAL STANDARD

The removal of cases from state courts to federal courts is governed by 28 U.S.C. §§ 1441–1455. Under § 1441(a), a defendant may remove "any civil action brought in a state court of which the district courts of the United States have original jurisdiction . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). In the case at bar, Defendants filed a notice of removal pursuant to 28 U.S.C. § 1441(b), invoking diversity of citizenship under 28 U.S.C. § 1332(a). (Doc. 1, at 2). This provision states that a district court "shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," between "citizens of different states." 28 U.S.C. § 1332(a)(1).

Section 1446 of the removal statute further sets forth the procedures for removal, explaining that a defendant seeking removal of an action must file a petition for removal with the district court that contains "a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants" in the state court action. 28 U.S.C. § 1446(a). In addition, a notice of removal "shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based[.]" 28 U.S.C. §§ 1446(b). After a case has been removed, a plaintiff may move to remand the action back to state court under 28 U.S.C. § 1447(c) for "(1) lack of district court subject matter jurisdiction or (2) a defect in the removal procedure." *Ramos v. Quien,* 631 F.Supp.2d 601, 607 (E.D. Pa. 2008) (quoting *PAS v. Travelers Ins. Co.,* 7 F.3d 349, 352 (3d Cir.1993)). However, a "motion to remand the case on the basis of any defect other than lack of subject

matter jurisdiction must be made within 30 days after the filing of the notice of removal[.]." 28 U.S.C. § 1447(c).

Because federal courts are courts of limited jurisdiction, both the Supreme Court of the United States and the Third Circuit Court of Appeals have recognized that removal statutes are to be strictly construed against removal with all doubts resolved in favor of remand. *See, e.g., Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108 – 109 (1941); *Samuel–Bassett v. KIA Motors America, Inc.*, 357 F.3d 392, 396 (3d Cir. 2004) (citing *Boyer v. Snap-on Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990)). "If the citizenship of the parties is not disclosed in the complaint, the case is not removable unless the defendant can affirmatively plead and later prove the existence of diversity." *Balilaj v. Marshalls, Inc.*, No. CIV.A. 03-5908, 2004 WL 437448, at *2–4 (E.D. Pa. Mar. 2, 2004) (citing 16 James Wm. Moore et al., *Moore's Federal Practice* ¶ 107.14 (3d ed. 2002)); *see also Rosenfield v. Forest City Enterprises, L.P.*, 300 F. Supp. 3d 674, 674–75 (E.D. Pa. 2018) ("[W]here, as here, it is not apparent from the face of the complaint that a case is removable, a defendant may remove within thirty days of receipt of an amended complaint, motion, order, or 'other paper' from which it may first be ascertained that the case is removable.") (citing 28 U.S.C. § 1446(b)3)). The Third Circuit has also repeatedly held that "the party asserting federal jurisdiction in a removal case bears the burden of showing, at all stages of the litigation, that the case is properly before the federal court." *Frederico v. Home Depot*, 507 F.3d 188, 193 (3d Cir. 2007); *see also Samuel–Bassett*, 357 F.3d at 396. Moreover, "a defendant utilizing diversity for removal must show that diversity existed not only upon removal but also at the time of commencement of the action in state court." *Fiorentino v. Huntingside Assocs.*, 679 F. Supp. 3, 5 (E.D. Pa. 1987) (citing *Kerstetter v. Ohio Casualty Ins.*

*Co.,* 496 F.Supp. 1305, 1307 (E.D. Pa. 1980)); *Ellerbee v. Union Zinc, Inc.,* 881 F.Supp. 162, 164 (E.D. Pa. 1995).

**III. DISCUSSION**

In moving to remand, Tucker argues that the Defendants have not sufficiently established the jurisdictional requirement of diversity of citizenship. (Doc. 6, at 1-2, ¶ 4). Specifically, Tucker alleges the notice of removal failed to assert that diversity existed between the parties upon the filing of the complaint in state court,[4] and that "the record is devoid of any fact…sufficient to create jurisdiction in this court." (Doc. 6, at 2, ¶ 5; Doc. 6, at 7). In response, the Defendants argue that Tucker does not challenge removal based on a lack of diversity in *fact*—rather, she challenges removal based on alleged *pleading defects* in the notice of removal. (Doc. 8, at 5, 8). The Defendants further state that the removal petition established the necessary diversity between the parties, as they relied on an incident report that indicated Tucker's citizenship was diverse from that of the Defendants. (Doc. 8, at 4).

    A. THE NOTICE OF REMOVAL FAILS TO ADEQUATELY ALLEGE THAT DIVERSITY OF CITIZENSHIP EXISTS BETWEEN THE PARTIES

In challenging the propriety of removal, Tucker claims that the Defendants failed to adequately allege the parties' citizenship at the time of the filing of the complaint. (Doc. 6, at 6-7). As discussed *supra*, "[i]f the grounds [for removal] are premised on diversity, the notice [of removal] must allege diversity at the time of the commencement of the action and at the time of

---

[4] Tucker's filing, titled "Plaintiff's brief in reply to Defendants' response and in further support of Plaintiff's motion to remand," additionally claims that the Defendants failed to establish the parties' citizenship at the time the notice of removal was filed. (Doc. 10, at 2).

- 5 -

the notice filing." *Moser v. Bostitch Div. of Textron, Inc.*, 609 F. Supp. 917, 918–19 (W.D. Pa. 1985). Here, the Defendants' notice of removal avers as follows:

> 3.  Plaintiff **is** a **resident** of Sullivan County, NY. (A true and correct copy of the Incident Report illustrating Plaintiff's **residency** is attached hereto and incorporated by reference herein as Exhibit "B.")
>
> 4.  Walmart Stores East, L.P., **is** a foreign limited partnership formed in Delaware with a principal place of business in Bentonville, AR. *See* Ex. A.
>
> 5.  The Partners of Walmart Stores East, L.P., **are** WSE Management, LLC (general partner), and WSE Investment, LLC (limited partner). Both **are** Delaware limited liability companies with principal places of business in Arkansas. The sole member of WSE Management, LLC, and WSE Investment, LLC, **is** Walmart Stores East, LLC, an Arkansas limited liability company with a principal place of business in Bentonville, Arkansas. The sole shareholder of Walmart Stores East, LLC, **is** Walmart, Inc. (formerly known as Wal-Mart Stores, Inc.), a Delaware corporation with a principal place of business in Arkansas. Accordingly, no partner or controlling entity of Defendant, Walmart Stores East, L.P.**, is** a **citizen** of or has a principal place of business in the Commonwealth of Pennsylvania.

(Doc. 1, at 2-3) (emphasis added).

Based on these allegations, Tucker asserts that the notice of removal does not properly allege diversity existed between the parties at the time she filed this action in state court or upon the Defendants' removal. (Doc. 6, at 6-7; Doc. 9, at 2, ¶ 4; Doc. 10, at 4).

According to the Defendants, the notice of removal alleges that Tucker is a citizen of Sullivan County, New York. (Doc. 8, at 4). However, upon review, it is evident that the notice of removal simply states that Tucker is a *resident* of New York without referring to her citizenship. (Doc. 1, at 2). The terms "resident" and "citizen" are not interchangeable for diversity purposes and have distinct definitions under the law. *See McCann v. Newman Irrevocable Trust,* 458 F.3d 281, 286 (3d Cir. 2006) ("Citizenship is synonymous with domicile and the domicile of an individual is his true, fixed and permanent home and place of habitation.")

(internal citations omitted); *Krasnov v. Dinan*, 465 F.2d 1298, 1300 (3d Cir. 1972) ("Where one lives is *prima facie* evidence of domicile, but mere residency in a state is insufficient for purposes of diversity.") (citations omitted). As such, the allegation that Tucker is a *resident* of New York "does not meet the jurisdictional requirement of 28 U.S.C. § 1332(a)." *See Camacho v. Cove Trader, Inc.*, 612 F. Supp. 1190, 1191 (E.D. Pa. 1985) (emphasis in original); *GBForefront, L.P. v. Forefront Mgmt. Grp., LLC*, 888 F.3d 29, 35 (3d Cir. 2018) ("Alleging residency alone is insufficient to plead diversity of citizenship.") (citing *McNair v. Synapse Grp. Inc.*, 672 F.3d 213, 219 n. 4 (3d Cir. 2012)); *Sayles v. Allstate Ins. Co.*, No. 3:16-CV-01534, 2016 WL 4701653, at *2 (M.D. Pa. Sept. 8, 2016) (noting that the defendant's notice of removal contained "defects in its diversity jurisdiction allegations" because it merely alleged that Plaintiff was a resident, as opposed to a citizen, of Pennsylvania); *Fiorentino v. Huntingside Assocs.*, 679 F. Supp. 3, 4 (E.D. Pa. 1987) (finding that diversity of citizenship is not shown by mere averments of a party's residence).

The Defendants further claim that they sufficiently established diversity between the Parties, as the allegations in the notice of removal are based on Tucker's own representations of her citizenship.[5] (Doc. 8, at 4). Specifically, the Defendants rely on an incident report

---

[5] Notably, the complaint originally filed in state court does not indicate Tucker's citizenship. (Doc. 1-2). Instead, the pleading simply states that "Plaintiff, SHIRLEY TUCKER, is an adult individual, sui juris." (Doc. 1-2). According to the Defendants, any technical error in pleading Tucker's citizenship was "caused by the duplicitous action of Plaintiff in not including her address in her complaint." (Doc. 8, at 5). The Defendants further allege that "[i]t seems clear that Plaintiff did not include her address in her Complaint so that she could file a Motion to Remand to state court, as the Defendants do not have any documentation concerning Plaintiff's citizenship other than the incident report she completed on the date of her alleged injury." (Doc. 8, at 5).

completed by Tucker on September 24, 2016 (the "Report"), the date of her alleged injury, wherein she indicates that her physical address is in Roscoe, New York. (Doc. 8, at 4). Considering the Report, which was concurrently filed with the notice of removal (Doc. 2), the Defendants thus assert that Tucker was domiciled in New York. (Doc. 8, at 4). In response, Tucker argues that the Report does not demonstrate diversity—either upon this action's initiation or removal—because it is silent as to her citizenship and predates the filing of this lawsuit by nearly two years. (Doc. 9, at 2, ¶¶ 4-5; Doc. 10, at 4-5).

Regardless of Plaintiff's motivation behind failing to plead her address, it is evident that the complaint does not plainly establish diversity of citizenship. Simply stated, the face of the complaint does not "inform[] the reader whether all the elements of federal jurisdiction are present." *See Rowe v. Marder,* 750 F.Supp. 718, 721 (W.D. Pa. 1990), *aff'd,* 935 F.2d 1282 (3d Cir. 1991). As explained by a court within this circuit, "state court plaintiffs do not routinely allege the citizenship of the parties in their complaints, and that where the initial pleading is 'indeterminate' as to the parties' citizenship, 'the burden is on the defendant seeking removal to scrutinize the case and remove it in a timely fashion.'" *Davis v. Baer,* 599 F. Supp. 776, 779 (E.D. Pa. 1984) (quoting *Stokes v. Victory Carriers, Inc., et al.*, 577 F.Supp 9, 11 (E.D. Pa. 1983)); *see also McCarthy v. Hamilton Farm Golf Club, LLC,* No. CIV. 11-1565 AET, 2011 WL 1775728, at *4 n. 3 (D.N.J. May 9, 2011) ("[G]iven that the Complaint was originally filed in state court and thus was not drafted with an eye toward alleging diversity of citizenship, we do not expect Plaintiff to have pled citizenship as opposed to residence."). Thus, "[i]n order to determine whether an initial pleading provides notice of a particular basis for federal jurisdiction, courts expect defendants to look beyond the face of the complaint." *Fenza's Auto, Inc. v. Montagnaro's, Inc.*, No. CIV. 10-3336 RBK/JS, 2011 WL 1098993, at *10–11 (D.N.J. Mar. 21, 2011). "[W]hen the circumstances described in the [indeterminate] complaint combined with relevant information available to the defendant would demonstrate the basis for federal jurisdiction," the 30-day removal period begins to run. *Fenza's Auto, Inc.*, 2011 WL 1098993, at *11.

Accordingly, the Court finds that the Defendants properly considered the Report upon attempting to determine whether this case was removable. However, as discussed *infra*, the Court does not find that this document provides the Defendants with adequate notice that diversity jurisdiction exists.

Tucker's argument is well taken. "'[D]omicile' is not necessarily synonymous with 'residence,'" as one's "domicile is established by physical presence in a place *in connection with* a certain state of mind concerning one's intent to remain there." *Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989) (emphasis added); *see also Krasnov*, 465 F.2d at 1300 (to establish one's domicile, "the fact of residency must be coupled with a finding of intent to remain indefinitely."). While the Report includes Tucker's "physical address" at the time of the incident in 2016,[6] it makes no reference to her permanent residence or citizenship. (Doc. 2). The information in the Report also does not demonstrate that Tucker intended to remain in New York, as required for the purposes of domicile. *See Holyfield*, 490 U.S. at 48. Therefore, despite the invoking the Report in support of diversity jurisdiction, the notice of removal does not adequately allege Tucker's citizenship.

Assuming *arguendo* that the Defendants identified Tucker's citizenship, instead of her residence, the notice of removal still does not demonstrate that diversity of citizenship existed between the Parties' when Tucker instituted this lawsuit. As discussed *supra*, "a defendant utilizing diversity for removal must show that diversity existed not only upon removal but also at the time of commencement of the action in state court." *Fiorentino v. Huntingside Assocs.*, 679 F. Supp. 3, 5 (E.D. Pa. 1987) (citations omitted). Here, as pointed out by Tucker, the notice of removal solely refers to the Parties in the present tense. (Doc. 6, at 6-7). While this suggests that diversity may have existed upon this action's removal on November 28, 2018, the notice of

---

[6] Conversely, the Court cannot ascertain whether the address contained in the Report remains current. Simply stated, Tucker's citizenship is not apparent from the Report—either on its face or in the context of the existing record as a whole.

- 9 -

removal does not allege the same regarding this action's initiation on September 24, 2016. *See e.g. Austin v. Nugent*, No. CV 3:16-1567, 2016 WL 7048994, at *2–3 (M.D. Pa. Dec. 5, 2016) (finding that citizenship was insufficiently alleged when the notice of removal stated "that the parties [we]re diverse in citizenship in the present tense alone and d[id] not state the citizenship of the parties at the time of the initial filing of the complaint."); *Xia Zhao v. Skinner Engine Co.*, No. CIV.A. 11-7514, 2012 WL 1758145, at *1–3 (E.D. Pa. May 16, 2012) (using the present tense in the notice of removal "suggests that the allegations as to citizenship apply as of the time the notice was filed," but creates "at least some question as to whether they apply as of the time the plaintiffs originally filed their complaint."); *Stellwagen v. Chemlawn Servs. Corp.*, No. CIV. A. 92-6437, 1993 WL 9025, at *1 (E.D. Pa. Jan. 11, 1993) (same); *Kerstetter v. Ohio Cas. Ins. Co.*, 496 F. Supp. 1305, 1307–08 (E.D. Pa. 1980) ("[T]he allegations in the petition for removal are in the present tense and do not properly allege the existence of diversity at the time the complaint was filed in state court.") (citations omitted). Accordingly, even if they adequately alleged Tucker's citizenship, the Defendants have not shown that diversity existed between the Parties upon the initial filing of the complaint.

For these reasons, the Court finds that the notice of removal contains insufficient jurisdictional allegations regarding the Parties' citizenship. However, the Court observes that the Defendants seek leave to file an amended notice of removal.[7] (Doc. 8, at 6-11). Specifically, the Defendants alternatively submit in their brief in opposition that failing to properly allege the

---

[7] The Defendants have not formally moved to amend, or otherwise provided an amended notice of removal.

Parties' citizenship is a technical error that may be cured. (Doc. 8, at 10-11). Tucker disagrees that such deficiencies are merely technical, and instead asserts that the Defendants' failure to meet their burden "of showing that there are sufficient averments in the Notice of Removal or the Complaint" to support diversity jurisdiction is fatal. (Doc. 9, at 4).

28 U.S.C. § 1653 confers district courts with the power to remedy "inadequate jurisdictional *allegations*, but not defective jurisdictional *facts*." *USX Corp. v. Adriatic Ins. Co.*, 345 F.3d 190, 204 (3d Cir. 2003) (emphasis added); *see also Steele v. State Farm Mut. Auto. Ins. Co.*, No. CV 3:17-0004, 2017 WL 590276, at *2 (M.D. Pa. Feb. 14, 2017) ("If the jurisdictional error is simply a technical error in the notice, '[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts.'") (quoting 28 U.S.C. § 1653); *Xia Zhao*, 2012 WL 1758145, at *2 (noting that § 1653 "permits jurisdictional amendments where jurisdiction 'in fact existed at the time the suit was brought or removed, though defectively alleged.'") (quoting *Newman–Green, Inc. v. Alfonzo–Larrain,* 490 U.S. 826, 831 (1989)). Further, "[w]here… the existence of diversity jurisdiction is not contested and allegations of the parties' diverse citizenship are contained in other documents in the record, the court may deem 'technical' pleading deficiencies in the removal notice's jurisdictional allegations and may allow the removing party to cure them by amendment." *Ellerbee v. Union Zinc, Inc.*, 881 F. Supp. 162, 164–65 (E.D. Pa. 1995) (citing *Stellwagen v. Chemlawn Servs. Corp.,* No. 92 Civ. 6437, 1993 WL 9025, at *2 (E.D. Pa. Jan. 11, 1993) (allowing curative amendment to jurisdictional allegations in notice of removal where plaintiff "[did] not deny that diversity exist[ed]."); *Moser v. Bostitch Div. of Textron, Inc.*, 609 F. Supp. 917, 919 (W.D. Pa. 1985) (allowing opportunity to amend defendants' imperfectly stated grounds for jurisdiction, as no controversy existed "as to the diverse citizenship of the parties both at the time suit was commenced and at the time of

removal")). Here, Tucker neither appears to expressly contest nor concede the existence of diversity jurisdiction in fact.[8] However, the Defendants acknowledge that they "do not have any documentation concerning [Tucker's] citizenship other than the [Report]," as Tucker still has "not filed a pleading from which Defendants can ascertain whether the case is removable." (Doc. 8, at 5, 13). As discussed *supra*, neither the allegations in the initial complaint nor the facts in the Report sufficiently demonstrate that the Parties are of diverse citizenship. Accordingly, the Court does not deem the pleading deficiencies to be merely technical here, as the record, upon which the Defendants intend to base their curative allegations, does not support diversity jurisdiction on its face.[9] See *Ellerbee*, 881 F. Supp. at 164–65; *see also Darling v. Piniella*, No. CIV. A. 91-5219, 1991 WL 193524, at *4 (E.D. Pa. Sept. 27, 1991) ("In order to find that an indeterminate case is removable, the federal court must be able to look beyond the state court complaint to find facts supporting jurisdiction.") (citations omitted); *Fiorentino v.*

---

[8] In their brief in opposition, the Defendants emphasize that Tucker does not allege that she is *not* a citizen of New York. (Doc. 8, at 5). As such, the Defendants assert that remand would be "very wasteful of judicial economy when [Tucker] has not argued against diversity, only that the notice of removal contains a technical error." (Doc. 8, at 11). Nonetheless, the Court reiterates that the burden is on the Defendants, as the removing party, to prove that diversity jurisdiction exists. See *McCann v. Newman Irrevocable Trust,* 458 F.3d 281, 286 (3d Cir. 2006). The burden is not on Tucker to prove the inverse. See *Portside Inv'rs, L.P. v. N. Ins. Co. of New York*, 253 F. Supp. 2d 835, 838 (E.D. Pa. 2003). Moreover, the Defendants notably do not appear to challenge Tucker's motion to remand on timeliness grounds.

[9] Although not challenged by Tucker, the Court further observes that the allegations in the complaint may not meet the amount in controversy requirement on its face. See 28 U.S.C. § 1332(a). Specifically, while the Defendants claim that "the amount in controversy in the underlying action is believed to exceed $75,000, exclusive of interest and costs," (Doc. 1, at 2), the complaint simply avers that Tucker sought damages "in an amount in excess of $40,000,00…" (Doc. 102, at 7). Thus, based on the typographical error in the initial pleading, the Court cannot affirmatively conclude that Tucker's claimed damages met the requisite amount in controversy for diversity jurisdiction.

*Huntingside Assocs.*, 679 F. Supp. 3, 5 (E.D. Pa. 1987) ("Since 'it appears that the case was removed improvidently and without jurisdiction,' remand is mandated.") (quoting 28 U.S.C. § 1447(c)); *Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 33–34 (3d Cir. 1985) (remanding case when it was not apparent that diversity jurisdiction existed, despite possibility of another removal in the future, as "a defect in subject matter jurisdiction can never be deemed harmless error."); *Carlton Properties, Inc. v. Crescent City Leasing Corp.*, 212 F. Supp. 370, 371 (E.D. Pa. 1962) (finding that both the complaint and notice of removal failed to plead the required jurisdictional facts, and that an amendment would not be "an attempt to cure a defect but to make an entirely new allegation.").

Accordingly, the Court declines to grant the Defendants leave to file an amended notice of removal. Specifically, the Court finds that the Defendants have failed to show that diversity jurisdiction exists, and that this action's removability is not apparent from the existing record. The Court takes further notice of the rule that "the removal statute should be strictly construed and all doubts should be resolved in favor of remand, *Samuel–Bassett v. KIA Motors America, Inc.*, 357 F.3d 392, 396 (3d Cir. 2004). Therefore, the Court will **GRANT** Tucker's motion to remand the instant action to the Court of Common Pleas of Pike County.

## IV. CONCLUSION

Based on the foregoing, Plaintiff's Motion to Remand (Doc. 6) is **GRANTED.**

An appropriate Order follows.

BY THE COURT:

Dated: May 31, 2019

*s/ Karoline Mehalchick*
**KAROLINE MEHALCHICK**
**United States Magistrate Judge**